

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50393 | **DATE** | 2/13/2002 |
| **CASE TITLE** | U.S.A. vs. NOLAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Nolan's section 2255 motion as amended is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | FEB 14 2002 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 2-14-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Leroy Nolan is a federal prisoner convicted in Count 1 of conspiracy to possess with intent to distribute and to distribute cocaine base, 21 U.S.C. § 846, in Count 3 of distribution of approximately 10 grams of cocaine base, 21 U.S.C. § 841(a)(1), and in Count 4 of using and carrying a firearm during a drug trafficking offense, 18 U.S.C. § 924(c). On October 26, 2001 he filed a motion to vacate, set aside or correct sentence, which was later amended on January 2, 2002. The government filed responses to both the motion and amended motion. The issues raised are: (1) a challenge to the indictment under Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) a claim the decision in Bailey v. United States, 516 U.S. 137 (1995), requires reversal of his conviction in Count 4; and (3) claims of ineffective assistance of trial and appellate counsel. The government's detailed response briefs thoroughly provide the procedural history of the case and need not be repeated herein.

## Challenge to the Indictment

Nolan initially contends the indictment was defective in that Count 1 did not mention the drug quantity, and cites the later-decided Apprendi opinion of the Supreme Court. Although the government contends the one-year limitations period in § 2255 has not been met by Nolan, whether Apprendi is to be given retroactive application in collateral proceedings has not been decided in this circuit. See Ashley v. United States, 266 F.3d 671, 675 (7th Cir. 2001). In any event, the argument advanced by Nolan is not, under the facts of the case, violative of Apprendi. The rule in Apprendi applies only to drug quantities that permit a sentence in excess of the default statutory maximum. See United States v. Kibler, No. 00-2079, 2002 U.S. App. Lexis 1555, *12 (7th Cir. Feb. 1, 2002). As Nolan's concurrent sentence for Counts 1 and 3 was 156 months imprisonment and is well within the twenty-year maximum, no Apprendi error occurred. Nolan also argues that Apprendi affects the mandatory minimum sentence - a loser in this circuit, see United States v. Williams, 238 F.3d 871, 877 (7th Cir.), cert. denied, 121 S. Ct. 2232 (2001), where the defendant is sentenced under the statutory maximum.

## Bailey Claim

Nolan has failed to file his § 2255 motion within the one-year statute of limitations for such a motion under any of the four subsections of § 2255. His motion was filed on October 26, 2001 and is not within one year of the date his conviction became final or within one year of the decision in Bougley v. United States, 523 U.S. 614 (1998). Nor are subsections (2) and (4) applicable. Thus, the Bailey claim is barred from being raised. Even on the merits, the Bailey claim fails under the authority and facts articulated in the government's response briefs.

## Ineffective Assistance of Counsel

In his motion and amended motion, Nolan raises four claims of ineffective assistance of trial counsel and one such claim for his appellate counsel on his direct appeal. The government raises the one-year statute of limitations for § 2255 motions as a bar to this claim. Nolan clearly is untimely under the first two subsections of § 2255, the third subsection is inapplicable, and the last subsection requires that the limitations period run from "the date on which the facts supporting the claim or claims presented could have been discoverable through the exercise of due diligence." To apply this subsection this court must determine when a reasonably diligent person in Nolan's circumstances would have discovered the facts upon which his claims are based. See Montenegro v. United States, 248 F.3d 585, 592 (7th Cir. 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671, (7th Cir. 2001). The issue of ineffective assistance of trial counsel all relate to evidence introduced at trial and were known to Nolan and could have been raised within the limitations period. The alleged ineffective assistance of appellate counsel was known at least shortly after the Seventh Circuit's opinion in his direct appeal which was filed on June 20, 1995. See United States v. Henderson, 58 F.3d 1145 (7th Cir. 1995). Thus, all ineffective assistance of counsel issues are barred from being presented in Nolan's § 2255 motion. The government has also addressed each ineffective assistance claim on the merits and concluded trial counsel was not ineffective and no prejudice resulted even if Nolan's appellate counsel was ineffective for his failure to raise a sentencing issue. This court agrees as it has carefully reviewed the record of both the trial and sentencing hearing.

The motion as amended for relief under § 2255 is denied.